1   ELIZABETH A. STRANGE
    First Assistant United States Attorney
2   District of Arizona

3   CAROLINA ESCALANTE-KONTI
    Arizona State Bar No. 026233
4   D. J. PASHAYAN
    Ohio Bar No. 0071260
5   Assistant U.S. Attorneys
    Two Renaissance Square
6   40 N. Central Ave., Suite 1800
    Phoenix, Arizona 85004
7   Telephone:  602-514-7500
    Email: fernanda.escalante.konti@usdoj.gov
8   Email: don.pashayan@usdoj.gov
    Attorneys for Plaintiff

9

10                  IN THE UNITED STATES DISTRICT COURT

11                     FOR THE DISTRICT OF ARIZONA

12   United States of America,                CR- 2:17-01110-01-PHX-DLR

13                      Plaintiff,

14         vs.                                 **PLEA AGREEMENT**

15   Fany Madrigal-Lopez,

16                      Defendant.

17

18         Plaintiff, United States of America, and the defendant, FANY MADRIGAL-

19   LOPEZ, hereby agree to dispose of this matter on the following terms and conditions:

20   **1.    PLEA**

21         The defendant will plead guilty to Count 1 of the First Superseding Indictment

22   charging the defendant with a violation of Title 21, United States Code (U.S.C.), §§ 846,

23   841(a)(1), 841(b)(1)(C), and 841(b)(2), Conspiracy to Possess with Intent to Distribute and

24   Distribute a Controlled Substance, a Class C felony offense.

25         The defendant will also plead guilty to Count 4 of the First Superseding Indictment,

26   a violation of Title 21, United States Code (U.S.C.), §§ 841(a)(1) and 841(b)(1)(C),

27   Distribution of a Controlled Substance Resulting in Death and Serious Bodily Injury, a

28   Class A felony offense.

FILED ___ LODGED
RECEIVED ___ COPY
APR 1 7 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

The defendant will also consent to the Forfeiture Allegation of the First Superseding Indictment.

**2.   MAXIMUM PENALTIES**

a.    Count 1 of the First Superseding Indictment: A violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 841(b)(2) is punishable by a maximum fine of $1,000,000.00, a maximum term of imprisonment of 20 years, or both, and a term of supervised release of at least 3 years up to life.

b.    Count 4 of the First Superseding Indictment:   A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) is punishable by a maximum fine of $1,000,000.00, a maximum term of life imprisonment, a minimum mandatory term of 20 years' imprisonment, or both, and a term of supervised release of at least 3 years and up to life.

c.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

d.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

1   e. The defendant understands and acknowledges that pleading guilty may result

2 in the termination or denial of certain food stamp, social security, and other benefits for

3 defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

4   f. The defendant recognizes that pleading guilty may have consequences with

5 respect to defendant's immigration status if the defendant is a recently naturalized United

6 States citizen or is not a citizen of the United States.  Under federal law, a broad range of

7 crimes are removable offenses, including the offense(s) to which defendant is pleading

8 guilty.  Although there may be exceptions, the defendant understands that the defendant's

9 guilty plea and conviction for this offense make it practically inevitable and a virtual

10 certainty that the defendant will be removed or deported from the United States.  The

11 defendant agrees that defendant has discussed this eventuality with defendant's attorney.

12 The defendant nevertheless affirms that defendant wants to plead guilty regardless of any

13 immigration consequences that this plea entails, even if the consequence is the defendant's

14 automatic removal from the United States.

15 **3.** **AGREEMENTS REGARDING SENTENCING**

16   a. <u>Acceptance of Responsibility.</u>  If the defendant makes full and complete

17 disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

18 commission of the offense, and if the defendant demonstrates an acceptance of

19 responsibility for this offense up to and including the time of sentencing, the United States

20 will recommend a two-level reduction in the applicable Sentencing Guidelines offense

21 level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,

22 the United States will move the Court for an additional one-level reduction in the applicable

23 Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

24   b. <u>Non-Binding Recommendations.</u>  The defendant understands that

25 recommendations are not binding on the Court. The defendant further understands that the

26 defendant will not be permitted to withdraw the guilty plea if the Court does not follow a

27 recommendation.

28   c. <u>No other agreements.</u>  Other than the provisions set forth above, the United

1    States and defendant agree and understand that certain other potential adjustments in the

2    offense level, to include Base Offense Level (Chapter 2, Part D of the U.S.S.G.) and role

3    in the offense (Chapter 3, Part B of the U.S.S.G.), shall be resolved at sentencing, and that

4    the parties have no further agreements relative to the Total Offense Level applicable in this

5    case other than that set forth herein.

6    **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

7    a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

8    sentencing, shall dismiss Counts 2, 5, 6, 7, 8, 9, and 10 of the First Superseding Indictment

9    as those counts relate to the defendant.

10    b.    The United States Attorney's Office for the District of Arizona shall not

11    prosecute the defendant for any other Controlled Substance Act, False Statement,

12    Obstruction of Justice, or Immigration offenses committed by the defendant, and known

13    by the United States, in connection with the First Superseding Indictment in this case.

14    c.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant

15    stipulate that this plea agreement is contingent upon the successful guilty plea of the co-

16    defendants Luis Angel Macias, Adolfo Macias-Madrigal, and Paulina Madrigal-Macias. If

17    any one or more of the co-defendants does not plead guilty in this case, or if any one of the

18    co-defendants' pleas are rejected by the Court, the United States shall be entitled to

19    withdraw from this plea agreement at any time prior to sentencing.

20    d.    This agreement does not, in any manner, restrict the actions of the United

21    States in any other district or bind any other United States Attorney's Office.

22    **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

23    a.    If the Court, after reviewing this plea agreement, concludes that any

24    provision contained herein is inappropriate, it may reject the plea agreement and give the

25    defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

26    11(c)(5).

27    b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

28    vacated, or reversed at any time, this agreement shall be null and void, the United States

1  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

2  any charges that have been dismissed because of this plea agreement shall automatically

3  be reinstated.  In such event, the defendant waives any and all objections, motions, and

4  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

5  restrictions in bringing later charges or proceedings.  The defendant understands that any

6  statements made at the time of the defendant's change of plea or sentencing may be used

7  against the defendant in any subsequent hearing, trial, or proceeding subject to the

8  limitations of Fed. R. Evid. 410.

9  **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

10      The defendant waives (1) any and all motions, defenses, probable cause

11  determinations, and objections that the defendant could assert to the Indictment, First

12  Superseding Indictment, or information; and (2) any right to file an appeal, any collateral

13  attack, and any other writ or motion that challenges the conviction, an order of restitution

14  or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's

15  sentence, including the manner in which the sentence is determined, including but not

16  limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28

17  U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification

18  of sentence, including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal

19  of any appeal, collateral attack, or other motion the defendant might file challenging the

20  conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall not

21  be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of

22  "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-

23  01 (2015)).

24  **7.    DISCLOSURE OF INFORMATION**

25      a.    The United States retains the unrestricted right to provide information and

26  make any and all statements it deems appropriate to the U.S. Probation Office and to the

27  Court in connection with the case.

28

- 5 -

1           b.     Any information, statements, documents, and evidence that the defendant

2    provides to the United States pursuant to this agreement may be used against the defendant

3    at any time.

4           c.     The defendant shall cooperate fully with the U.S. Probation Office.  Such

5    cooperation shall include providing complete and truthful responses to questions posed by

6    the U.S. Probation Office including, but not limited to, questions relating to:

7                (1)     criminal convictions, history of drug abuse, and mental illness; and

8                (2)     financial information, including present financial assets or liabilities

9    that relate to the ability of the defendant to pay a fine or restitution.

10   **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

11          a.     Nothing in this agreement shall be construed to protect the defendant from

12   administrative or civil forfeiture proceedings or prohibit the United States from proceeding

13   with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all

14   monetary penalties, including restitution imposed by the Court, shall be due immediately

15   upon judgment, shall be subject to immediate enforcement by the United States, and shall

16   be submitted to the Treasury Offset Program so that any federal payment or transfer of

17   returned property the defendant receives may be offset and applied to federal debts (which

18   offset will not affect the periodic payment schedule).  If the Court imposes a schedule of

19   payments, the schedule of payments shall be merely a schedule of minimum payments and

20   shall not be a limitation on the methods available to the United States to enforce the

21   judgment.

22          b.     The defendant agrees to forfeit, and hereby forfeits, all interest in any asset

23   that the defendant owns or over which the defendant exercises control, directly or

24   indirectly, as well as any property that is traceable to, derived from, fungible with, or a

25   substitute for property that constitutes the proceeds of the offense(s), or which was used to

26   facilitate the commission of the offense(s), including the following property:

27              -   All that lot or parcel of land, together with its buildings, appurtenances,

28                  improvements, fixtures, attachments and easements, located at 7336 West

- 6 -

1    Vogel Avenue, Peoria, Arizona and more particularly described as: Lot 52,
2    Park View West Unit Three, according to Book 209 of Maps, Page 45,
3    Records of Maricopa County, Arizona, APN: 143-10-057.

4    c.    The defendant further agrees to waive all interest in any such asset in any
5    administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.
6    The defendant agrees to consent to the entry of orders of forfeiture for such property and
7    waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
8    notice of the forfeiture in the charging instrument, announcement of the forfeiture at
9    sentencing, and incorporation of the forfeiture in the judgment.  The defendant further
10   understands and agrees that forfeiture of the assets is appropriate and in accordance with
11   the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18
12   U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C.
13   § 2461(c).

14   d.    Forfeiture of the defendant's assets shall not be treated as satisfaction of any
15   fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the
16   defendant in addition to forfeiture.  This agreement does not preclude the United States
17   from instituting any civil or administrative forfeiture proceedings as may be appropriate
18   now or in the future.

19   e.    The defendant agrees to waive all constitutional and statutory challenges in
20   any manner (including direct appeal, habeas corpus, double jeopardy or any other means)
21   to any forfeiture imposed as a result of this guilty plea or any pending or completed
22   administrative or civil forfeiture actions, including that the forfeiture constitutes an
23   excessive fine or punishment. The defendant agrees to take all steps as requested by the
24   United States to pass clear title to forfeitable assets to the United States, and to testify
25   truthfully in any judicial forfeiture proceeding.  The defendant acknowledges that all
26   property covered by this agreement is subject to forfeiture as proceeds of illegal conduct,
27   property facilitating illegal conduct, and substitute assets for property otherwise subject to
28   forfeiture, and that no other person or entity has a legitimate claim to these items listed.

- 7 -

1          f.      The defendant agrees not to file a claim to any of the listed property in any
2    civil proceeding, administrative or judicial, which may be initiated.  The defendant further
3    agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed
4    property.      The       defendant       agrees       to       waive       his/her
5    right to notice of any forfeiture proceeding involving this property, and agrees not to file a
6    claim or assist others in filing a claim in that forfeiture proceeding.

7          g.      The government reserves its right to proceed against any remaining assets
8    not identified either in this agreement or in any civil actions which are being resolved along
9    with this plea of guilty, including any property in which the defendant has any interest or
10   control, if said assets, real or personal, tangible or intangible were involved in the
11   offense(s).

12         h.      The defendant hereby waives, and agrees to hold the government and its
13   agents and employees harmless from any and all claims whatsoever in connection with the
14   seizure, forfeiture, and disposal of the property described above.  Without limitation, the
15   defendant understands and agrees that by virtue of this plea of guilty, the defendant will
16   waive any rights or cause of action that the defendant might otherwise have had to claim
17   that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees
18   and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. §
19   2465(b)(1).

20         i.      In the event that the defendant provides the United States no later than 45-
21   days before the defendant's scheduled sentencing hearing with a cashier's check, bank
22   draft, or money order in the amount of $35,000.00, then said cashier's check, bank draft or
23   money order will be forfeited to the United States in lieu of the property listed in sub-
24   section (8)(b), and following sentencing, the United States will release to defendant,
25   defendant's counsel, or defendant's representative as designated by defendant's counsel,
26   the property listed in sub-section (8)(b).

27         With regard to the above-mentioned amount of $35,000.00, if the defendant sells
28   the property listed in sub-section (8)(b), the United States will provide a release of its lis

- 8 -

1  pendens to the escrow company prior to the sale of the property which will be recorded
2  only upon sale of the property.  The escrow instructions will provide that the United States
3  will be paid $35,000.00 prior to the defendant, and that the $35,000.00 cashier's check,
4  bank draft, or money order will be made payable to the United States Marshals Service and
5  delivered to the government's undersigned counsel.

6  **9.      ELEMENTS**

7  **Conspiracy to Possess with Intent to Distribute and Distribute a Controlled**
8  **Substance**

9  Between in or about the fall of 2015 through in or about August of 2017, in the
10  District of Arizona:

11  1.      There was an agreement between two or more persons to commit the crime
12  of Possession with the Intent to Distribute or Distribution of oxycodone, a
13  Schedule II controlled substance; fentanyl, a Schedule II controlled
14  substance; cocaine, a Schedule II controlled substance; or alprazolam, a
15  Schedule IV controlled substance; and

16  2.      The defendant became a member of the agreement on or before August of
17  2017, knowing of at least one of its objects and intending to accomplish it.

18  It does not matter whether the defendant knew that the substances possessed or
19  distributed were oxycodone, fentanyl, cocaine, or alprazolam.  It is sufficient that the
20  defendant knew that it was some kind of controlled substance.

21  **Distribution of a Controlled Substance Resulting in Death and Serious Bodily**
22  **Injury**

On or about November 16, 2016, in the District of Arizona:

23  1.      The defendant knowingly or intentionally distributed a mixture or substance
24  containing a detectable amount of fentanyl, a Schedule II controlled
25  substance;

26  2.      The defendant knew that it was fentanyl; and

27  3.      Death resulted from the use of fentanyl.

28  It does not matter whether the defendant knew that the substance distributed was

- 9 -

1  fentanyl.  It is sufficient that the defendant knew that it was some kind of controlled
2  substance.

3  **10.    FACTUAL BASIS**

4       a.    The defendant admits that the following facts are true and that if this matter
5  were to proceed to trial the United States could prove the following facts beyond a
6  reasonable doubt:

7
8      Between in or about the fall of 2015 through in or about August of 2017, I, defendant
    Fany Madrigal-Lopez, obtained quantities of oxycodone; blue "M-30" pills that
9      looked like oxycodone, but contained fentanyl; cocaine; and alprazolam, all of
    which are scheduled controlled substances, from sources of supply in the District of
10      Arizona.

11      After obtaining possession of these substances, I would redistribute these substances
12      to various customers in the metropolitan Phoenix area for profit.  My children and
    co-defendants, Luis Angel Macias, Adolfo Macias-Madrigal, and Paulina Madrigal-
13      Macias would also occasionally redistribute these substances to these customers and
14      obtain payment for these substances from these customers.  At the time that my
    children redistributed these controlled substances for me, Luis Angel Macias,
15      Adolfo Macias-Madrigal, and Paulina Madrigal-Macias knew that they were
16      distributing controlled substances on my behalf.  After I was arrested in this case,
    Luis Angel Macias and Paulina Madrigal-Macias continued to make contact with
17      some of these customers and attempted to obtain payment for controlled substances
18      sold previously to these customers.

19      One of these customers who obtained controlled substances from Adolfo Macias-
20      Madrigal, Paulina Madrigal-Macias and I was an individual known as P.L.  On the
    evening of November 16, 2016, P.L. travelled to my residence at 7336 West Vogel
21      Avenue, Peoria, Arizona. While at my residence, I knowingly and intentionally sold
22      and distributed several pills to P.L. that were blue in color, were labeled individually
    as "M-30," and looked like oxycodone. These pills in fact contained fentanyl and
23      other substances.  P.L. then consumed these pills and the fentanyl in these pills
24      caused P.L. to overdose and die that same night.

25      Despite learning of P.L.'s death, my children and I continued to obtain and distribute
26      controlled substances to other customers in the metropolitan Phoenix area.  On
    August 18, 2017, the Drug Enforcement Administration executed a search warrant
27      at my residence at 7336 West Vogel Avenue, Peoria, Arizona.  Adolfo Macias-
28      Madrigal resided at this residence with me.  Inside our residence, my bedroom, and

1
2

my vehicle, agents found and seized quantities of oxycodone; cocaine; blue "M-30" pills that contained fentanyl; and alprazolam.

3
4
5
6
7

For purposes of this factual basis, I admit and acknowledge that I conspired and agreed with my children, Luis Angel Macias, Adolfo Macias-Madrigal, and Paulina Madrigal-Macias, to possess with the intent to distribute and to distribute the controlled substances described above.  I also admit and acknowledge that I distributed pills containing fentanyl to P.L. and that his consumption of these pills caused P.L. to overdose and die.  Finally, I admit and acknowledge that I used my residence at 7336 West Vogel Avenue, Peoria, Arizona, as part of these activities and consent to the forfeiture of this residence as set forth above.

8

9
10
11
12
13

    b.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

14

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

15
16

    This agreement has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney.  I understand it and I voluntarily agree to it.

17
18
19
20
21
22

    I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

23
24

    I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

25
26
27
28

    I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

1        My guilty plea is not the result of force, threats, assurances, or promises, other than
2   the promises contained in this agreement.  I voluntarily agree to the provisions of this
3   agreement and I agree to be bound according to its provisions.

4        I understand that if I am granted probation or placed on supervised release by the
5   Court, the terms and conditions of such probation/supervised release are subject to
6   modification at any time. I further understand that if I violate any of the conditions of my
7   probation/supervised release, my probation/supervised release may be revoked and upon
8   such revocation, notwithstanding any other provision of this agreement, I may be required
9   to serve a term of imprisonment or my sentence otherwise may be altered.

10       This written plea agreement, and any written addenda filed as attachments to this
11  plea agreement, contain all the terms and conditions of the plea.  Any additional
12  agreements, if any such agreements exist, shall be recorded in a separate document and
13  may be filed with the Court under seal; accordingly, additional agreements, if any, may not
14  be in the public record.

15       I further agree that promises, including any predictions as to the Sentencing
16  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
17  (including my attorney) that are not contained within this written plea agreement, are null
18  and void and have no force and effect.

19       I am satisfied that my defense attorney has represented me in a competent manner.

20       I fully understand the terms and conditions of this plea agreement.  I am not now
21  using or under the influence of any drug, medication, liquor, or other intoxicant or
22  depressant that would impair my ability to fully understand the terms and conditions of
23  this plea agreement.

24                         Without Prejudice
      4/17/18
25  Date                     By: Fany Madrigal
                                        FANY MADRIGAL-LOPEZ
26                                      Defendant
27
28

- 12 -

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into Spanish to the defendant on the 3rd day of March, 2018.

4/17/18
Date

DAVID LELIEVRE
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

4/17/18
Date

CAROLINA ESCALANTE-KONTI
D. J. PASHAYAN
Assistant U.S. Attorneys

- 13 -

1

# ACCEPTANCE BY THE COURT

2

3

4

_____            _____
Date                                                       HONORABLE DOUGLAS L. RAYES
                                                               United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28