ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

CAROLINA ESCALANTE KONTI
Arizona State Bar No. 026233
D. J. PASHAYAN
Ohio Bar No. 0071260
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: fernanda.escalante.konti@usdoj.gov
Email: don.pashayan@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Fany Madrigal-Lopez,<br><br>                    Defendant. | Case No. 17-CR-01110-1-PHX-DLR<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this sentencing memorandum.  For the following reasons, the United States would submit that a lengthy term of imprisonment, 5 years' supervised release, a $100 special assessment, and the forfeiture of the real property set forth in the Plea Agreement, are reasonable and appropriate for general and specific deterrence purposes as to both Counts 1 and 4 of the Superseding Indictment.

Moreover, at the time of sentencing, the United States would move to dismiss the Counts 2, 5, 6, 7, 8, 9, and 10 of Superseding Indictment as those counts relate to the defendant pursuant to the Plea Agreement.

## A.    Overview

This case involves the distribution of prescription drugs and controlled substances by the defendant and her adult co-defendant children to customers in the greater Phoenix area.   Some of their drugs contained the powerful and deadly opioid fentanyl, which ultimately resulted in the death of one of these customers, P.L., on November 16, 2016.

As the Court will hear at sentencing, P.L. was a beloved young man.

After P.L.'s overdose occurred, the defendant was identified as the source of the deadly pills through telephone analysis and witness information.  Despite learning that her pills killed P.L., the defendant and her children continued to distribute drugs until the defendant was arrested on August 18, 2017.   On this date, the Drug Enforcement Administration (DEA) executed a search warrant at her residence in Peoria, Arizona.  DEA seized some of these deadly pills and other evidence of the defendant's drug continued trafficking.

## B.    Facts set forth in plea agreement

With regard to the defendant's own conduct in this case, the parties agreed to the following facts in the plea agreement:

> Between in or about the fall of 2015 through in or about August of 2017, I, defendant Fany Madrigal-Lopez, obtained quantities of oxycodone; blue "M-30" pills that looked like oxycodone, but contained fentanyl; cocaine; and alprazolam, all of which are scheduled controlled substances, from sources of supply in the District of Arizona.

> After obtaining possession of these substances, I would redistribute these substances to various customers in the metropolitan Phoenix area for profit.  My children and co-defendants, Luis Angel Macias, Adolfo Macias-Madrigal, and Paulina Madrigal-Macias would also occasionally redistribute these substances to these customers and obtain payment for these substances from these customers.  At the time that my children redistributed these controlled substances for me, Luis Angel Macias, Adolfo Macias-Madrigal, and Paulina Madrigal-Macias knew that they were distributing controlled substances on my behalf.  After I was arrested in this case, Luis Angel Macias and Paulina Madrigal-Macias continued to make contact with some of these customers and attempted to obtain payment for controlled substances sold previously to these customers.

One of these customers who obtained controlled substances from Adolfo Macias-Madrigal, Paulina Madrigal-Macias and I was an individual known as P.L.  On the evening of November 16, 2016, P.L. travelled to my residence at 7336 West Vogel Avenue, Peoria, Arizona.  While at my residence, I knowingly and intentionally sold and distributed several pills to P.L. that were blue in color, were labeled individually as "M-30," and looked like oxycodone. These pills in fact contained fentanyl and other substances.  P.L. then consumed these pills and the fentanyl in these pills caused P.L. to overdose and die that same night.

Despite learning of P.L.'s death, my children and I continued to obtain and distribute controlled substances to other customers in the metropolitan Phoenix area.  On August 18, 2017, the Drug Enforcement Administration executed a search warrant at my residence at 7336 West Vogel Avenue, Peoria, Arizona.  Adolfo Macias-Madrigal resided at this residence with me.  Inside our residence, my bedroom, and my vehicle, agents found and seized quantities of oxycodone; cocaine; blue "M-30" pills that contained fentanyl; and alprazolam.

For purposes of this factual basis, I admit and acknowledge that I conspired and agreed with my children, Luis Angel Macias, Adolfo Macias-Madrigal, and Paulina Madrigal-Macias, to possess with the intent to distribute and to distribute the controlled substances described above.  I also admit and acknowledge that I distributed pills containing fentanyl to P.L. and that his consumption of these pills caused P.L. to overdose and die.  Finally, I admit and acknowledge that I used my residence at 7336 West Vogel Avenue, Peoria, Arizona, as part of these activities and consent to the forfeiture of this residence as set forth above.

*See* Doc. # 83 (Plea Agreement).

## C.   The suggested advisory USSG range

In the PSR, the Probation Office suggests that Total Offense Level applicable to Counts 1 and 4 of the Superseding Indictment be determined as follows:

-   § 2D1.1(a)(2): base offense level of 38;

-   § 3B1.1(c): 2-level upward adjustment for aggravating role; and

-   § 3E1.1: 3-level downward adjustment for acceptance of responsibility.

Assuming that the Court agrees with these calculations, the United States would submit that the defendant's Total Offense Level is a Level 37 and Criminal History Category is II (235 – 293 months' imprisonment).

1  **D.     18 U.S.C. § 3553(a) analysis and victim impact**

2          For whatever reason, to include the proliferation and availability of fake prescription

3  pills containing deadly opioids, more and more individuals are using and overdosing on

4  drugs.

5          These actions are perpetrated by dealers like the defendant.  They destroy families

6  and have wrought havoc on communities across the United States.  Sadly, many of these

7  dealers, like the defendant, have their own families.  Yet, they are still willing to sell drugs

8  that destroy other families for profit.

9          The present case is no different.  At sentencing, the United States anticipates that

10  the Court will hear from P.L.'s family and learn about P.L. as a person and the terrible loss

11  P.L.'s family will forever bare.

12          In addition, as mentioned above, the defendant brought harm to her own family.

13  She involved her own children in selling drugs.  Some of her children now face immigration

14  consequences after they dealt drugs with her.

15          Consequently, the United States believes that a significant term of imprisonment is

16  appropriate in this case to not only deter the defendant, who continued to distribute drugs

17  after learning of P.L.'s death and who dealt drugs with her own children, but such a

18  sentence should also deter others from selling drugs--- as even the smallest amounts of

19  drugs like these can kill.

20  **E.     United States' sentencing recommendation**

21          Based upon the foregoing, the United States respectfully suggests that a lengthy

22  term of imprisonment, 5 years' supervised release, a $100 special assessment, and the

23  forfeiture of the defendant's family residence, is reasonable and appropriate for general

24  and specific deterrence purposes as to both Counts 1 and 4 of the Superseding Indictment.

25          Moreover, at the time of sentencing, the United States would move to dismiss the

26  remaining counts of the Superseding Indictment as those counts relate to the defendant

27

28

pursuant to the terms and conditions of the Plea Agreement.

Respectfully submitted this 21st day of September, 2018.

ELIZABETH A. STRANGE
First Assistant U.S. Attorney
District of Arizona

s/ D. J. Pashayan
D. J. PASHAYAN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrant(s) under this file number:

Dave LeLievre, Esq.
*Attorney for Defendant*

s/ A. Clifton
U.S. Attorney's Office