UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| **United States of America,** ) | |
| ) | No. **CR-17-1110-PHX-DLR** |
| Plaintiff, ) | |
| ) | |
| vs. ) | Phoenix, Arizona |
| ) | March 28, 2018 |
| **Adolfo Macias-Madrigal,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**BEFORE:   THE HONORABLE MICHELLE H. BURNS, MAGISTRATE JUDGE**

TRANSCRIPT OF PROCEEDINGS

CHANGE OF PLEA

**APPEARANCES:**
For the Plaintiff:
    U.S. Attorney's Office
    By:  **Donald J. Pashayan**, Esq.
    40 North Central Avenue, Suite 1800
    Phoenix, Arizona 85004

For the Defendant:
    Jacobo Law Firm
    By:  **Manny Acuna Jacobo**, Esq.
    P.O. Box 11084
    Chandler, Arizona 85248

Transcriptionist:
Candy L. Potter
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

1     THE CLERK: On the record in CR-17-1110, USA versus
2 Adolfo Macias-Madrigal, before the Court for a change of plea.
3     MR. PASHAYAN: Good morning, Your Honor, Don Pashayan
4 on behalf of the United States.
5     THE COURT: Good morning, Mr. Pashayan.
6     MR. JACOBO: Good morning, Your Honor, Manny Jacobo
7 appearing on behalf of Adolfo Macias-Madrigal.
8     And I apologize, Your Honor. I miscalendered the
9 date. I had it set for tomorrow at this time.
10     THE COURT: All right. And I understand that you did
11 call in ahead to let us know that. So it does happen. I
12 appreciate the apology. I'm sure it won't happen again.
13     MR. JACOBO: It won't happen again, Your Honor.
14     THE COURT: Good morning, Mr. Macias.
15     THE DEFENDANT: Good morning.
16     THE COURT: It's my understanding that you're here
17 this morning, sir, to plead guilty pursuant to a Plea Agreement
18 that you've entered into with the Government.
19     Before we get started though I do need to tell you
20 that you have the right to plead guilty before a district
21 judge. I am a magistrate judge. District judges, they are, in
22 effect, higher judges than magistrate judges. They're
23 appointed by the president of the United States. And
24 magistrate judges, we are selected by those district judges to
25 serve this court.

1         I do not have the authority to -- without your consent
2 to preside over this proceeding. And it looks like you've
3 given that consent by signing this form.
4         Is that correct?
5         THE DEFENDANT: Yes, Your Honor.
6         THE COURT: All right. Thank you.
7         I'll now have my courtroom deputy here place you under
8 oath. And the reason for that is I'll be asking you lots of
9 questions. It's really important that you answer these
10 questions truthfully. If you were to lie under oath, the
11 Government could charge you with the crime of perjury or making
12 a false statement.
13         THE CLERK: Raise your right hand.
14    (The defendant is sworn.)
15         THE CLERK: Thank you.
16         THE COURT: All right. Sir, is your true and complete
17 name Adolfo Macias-Madrigal?
18         THE DEFENDANT: Yes.
19         THE COURT: How old are you?
20         THE DEFENDANT: Twenty-seven.
21         THE COURT: How far did you go in school?
22         THE DEFENDANT: I graduated high school.
23         THE COURT: Any college or trade courses after that?
24         THE DEFENDANT: No.
25         THE COURT: Within the past two days have you taken

1 any prescription medication, drugs of any kind, or anything
2 like that that could interfere with your ability to understand
3 what's being said here?
4     THE DEFENDANT: No.
5     THE COURT: And have you recently been treated for a
6 mental illness or serious emotional disorder?
7     THE DEFENDANT: No.
8     THE COURT: Mr. Jacobo, any reason to believe your
9 client's not competent?
10     MR. JACOBO: No, Your Honor.
11     THE COURT: So I have a Plea Agreement here before me,
12 Mr. Macias, it is 11 pages long. It looks like you signed it
13 on page 10. I'm going to hold up that page here.
14     Is that your signature?
15     THE DEFENDANT: Yes.
16     THE COURT: Before you signed this Plea Agreement did
17 you read it?
18     THE DEFENDANT: Yes.
19     THE COURT: Every paragraph, every page?
20     THE DEFENDANT: Yes.
21     THE COURT: Do you understand it?
22     THE DEFENDANT: I do.
23     THE COURT: Did you have enough time to discuss it
24 with Mr. Jacobo and did he answer all your questions about it?
25     THE DEFENDANT: Yes, he did.

1  THE COURT: Is anyone forcing you or threatening you
2  to plead guilty here today?
3  THE DEFENDANT: No.
4  THE COURT: And have any promises been made to you in
5  order to get you to plead guilty here today?
6  THE DEFENDANT: No.
7  THE COURT: It says you're here to plead guilty to
8  Count 3 of the First Superseding Indictment that charges you
9  with the crime of unlawful use -- Unlawful Use of a
10 Communications Facility, that's a Class E felony offense.
11 Do you understand this charge against you?
12 THE DEFENDANT: Yes.
13 THE COURT: This crime carries a maximum possible
14 sentence of four years in prison. A fine of up to $250,000
15 could also be imposed. A term of supervised release would
16 follow upon your release from prison, and that could be up to a
17 year in length. Also you would be required to pay a $100
18 felony special assessment -- I'm sorry, $100 special
19 assessment.
20 Do you understand this?
21 THE DEFENDANT: I do.
22 THE COURT: Also by virtue of being convicted of a
23 federal felony drug offense, do you understand you and your
24 immediate family could lose eligibility to receive certain
25 federal benefits?

1  THE DEFENDANT: I understand.

2  THE COURT: Will there be any restitution?

3  THE DEFENDANT: Excuse me?

4  MR. PASHAYAN: No, Your Honor.

5  THE COURT: I'm sorry, I was asking Mr. Pashayan.

6  MR. PASHAYAN: No, Your Honor.

7  THE COURT: All right.

8  And I see the immigration consequences are noted here
9  in the Plea Agreement. Should I go over those with your
10 client, Mr. Jacobo?

11 MR. JACOBO: I already went over them, Your Honor.

12 THE COURT: I mean, do they apply to him?

13 MR. JACOBO: Yes, they do, Your Honor.

14 So I guess it would be better to -- if you want to go
15 over them, that's fine.

16 THE COURT: All right. Thank you.

17 So if you are not a U.S. citizen, Mr. Macias, then I
18 should also tell you that once you are released from prison, it
19 is virtually certain that you will be deported to your native
20 country, and this conviction will make it more difficult if not
21 impossible for you to obtain legal status here.

22 Do you understand this?

23 THE DEFENDANT: I was told it wouldn't affect me.

24 THE COURT: Well, if you're a United States citizen
25 then it wouldn't. But I gleaned from your lawyer's responses

1  that you may not have legal status here.
2  　　　　I'm obliged -- I'm obligated to give you the worst
3  case scenario.  I don't know what will happen, I'm not an
4  immigration judge.
5  　　　　Have you had an opportunity to consult with an
6  immigration attorney?
7  　　　　THE DEFENDANT:  No.
8  　　　　THE COURT:  Well, if this is considered a federal drug
9  offense, then the law, as I understand it, makes it virtually
10 certain that you would be deported to your native country.  And
11 it could be very difficult if not impossible to obtain legal
12 status.
13 　　　　Do either counsel want to elaborate on that at all?
14 　　　　Mr. Pashayan?
15 　　　　MR. PASHAYAN:  I don't, Your Honor.  I don't know if
16 Mr. Jacobo wants to elaborate on that with his client though.
17 　　　　THE COURT:  All right.  Mr. Jacobo?
18 　　　　MR. JACOBO:  May I have a brief moment, Your Honor?
19 　　　　THE COURT:  You may.
20 　　(Discussion held off the record.)
21 　　　　MR. JACOBO:  Your Honor, I advised my client of the
22 potential risks, and he understands it.  I believe he wants to
23 proceed with the Plea Agreement.
24 　　　　THE COURT:  All right.  And do you understand the
25 risks that I just advised you of a moment ago with respect to

1  immigration consequences?

2         THE DEFENDANT:  I understand.

3         THE COURT:  And you still want to go forward with the
4  Plea Agreement?

5         THE DEFENDANT:  Yes.

6         THE COURT:  All right.  Now, Judge -- your sentencing
7  judge, Judge Rayes, in deciding what your sentence will be,
8  he's required to consider the United States Sentencing
9  Guidelines, among other factors.  These guidelines though are
10 only advisory though, meaning he's free to reject them and
11 impose any reasonable sentence up to the maximum.  He also
12 could depart upward or downward from the guideline range.

13        And in determining your sentence he's required to
14 consider such things as your personal characteristics and the
15 circumstances of your offense.

16        Do you understand this?

17        THE DEFENDANT:  Yes.

18        THE COURT:  Now you do have a sentencing agreement
19 with the Government.  It looks like the Government's agreed to
20 recommend certain things.  They're going to recommend to
21 Judge Tuchi (sic) that your base offense level be a level 10
22 under the guidelines.  They're going to recommend that your
23 offense did not involve death or serious bodily injury.
24 They're going to recommend that you not receive an upward
25 adjustment for aggravating role.  And they're going to

1  recommend that if you qualify for the safety valve under the
2  guidelines that you receive the applicable reduction.
3          Do you understand this?
4          THE DEFENDANT: Yes.
5          THE COURT: Now, do you understand that whatever the
6  Government does recommend, it's not binding on Judge Tuchi. He
7  may not -- or Judge Rayes. He may not agree with the
8  Government and he may not go along with what they recommend.
9          Do you understand this?
10         THE DEFENDANT: Yes.
11         THE COURT: Now, Mr. Jacobo, do you care to place your
12 guideline advice on the record?
13         MR. JACOBO: Your Honor, I did go over the guidelines
14 on two occasions with him, and I gave him my best case estimate
15 where he stood on the guidelines table.
16         THE COURT: All right. And, Mr. Macias, your lawyer
17 has done his best to predict ultimately what your guideline
18 calculation and sentence will be. And he may have even given
19 you a -- some idea of what he thinks the immigration
20 consequences might be.
21         But nonetheless, do you understand that what he has
22 advised you is a prediction, not a guarantee, as far as your
23 sentence? The reason for that is ultimately, to the extent
24 there are any guideline issues that need to be resolved, and
25 here it sounds like there's quite a few -- your role in the

1 offense, whether or not there should be adjustments, your

2 criminal history -- ultimately those will be resolved --

3 decided by Judge Rayes at your sentencing.

4     Do you understand this?

5     THE DEFENDANT: I understand.

6     THE COURT: And also with respect to immigration

7 consequences, ultimately if you are placed in removal

8 proceedings the decision as to whether or not you'd be deported

9 would be made by an immigration judge in a separate immigration

10 court proceeding.

11     Do you understand this?

12     THE DEFENDANT: Yes.

13     THE COURT: Now, if Judge Rayes accepts your guilty

14 plea, Mr. Macias, and then he sentences you pursuant to your

15 Plea Agreement, there's a paragraph in here on page 5 entitled

16 Waiver of Defenses and Appeal Rights. And what that tells you,

17 sir, is that you've given up any right to challenge this charge

18 against you, and you've given your right to appeal.

19     Normally a person who's convicted of a crime would

20 have the right to challenge their judgment and sentence to a

21 higher court on appeal, and may even have the right to come

22 back in this court to challenge that judgment and sentence in

23 what we call a collateral proceeding.

24     But in your case in this agreement you've given up

25 these rights. Do you understand this?

1       THE DEFENDANT:  Yes.

2       THE COURT:  That waiver, however, would not act to
3  preclude a later claim of ineffective assistance of counsel or
4  prosecutorial misconduct.

5       Now once you complete your sentence you'll then be
6  placed upon a period of supervised release, which is like
7  probation, in that you will be required to follow certain
8  conditions that are imposed by the Court.

9       Do you understand if you were to violate any of those
10 conditions you could be sent to prison for the violation?

11      THE DEFENDANT:  I understand.

12      THE COURT:  Now as a person accused of a crime you
13 have certain rights that are guaranteed to you by the United
14 States Constitution.  I'm going to go over some of those with
15 you.

16      You have the right to be represented by an attorney at
17 no cost to you throughout your case.

18      Have you been satisfied with the work your attorney
19 has done for you?

20      THE DEFENDANT:  Yeah.

21      THE COURT:  If you didn't plead guilty here today
22 you'd have the right to go to trial.  You would have the right
23 in your case to have a jury trial on this charge.

24      And a jury trial is the random selection of 12
25 citizens from this District.  You and your attorney could help

1    pick this jury, and you could not be convicted of this crime

2    unless all 12 of those jurors voted to find you guilty.

3               Now what the Government would have to prove at this

4    trial in order to convict you of this crime is as follows:

5    They would have to prove that:

6               On December 6, 2015, that you knowingly used a

7    communications facility, that is a telephone.

8               And that you acted with the intent to cause or

9    facilitate the commission of a drug felony, namely a conspiracy

10   to possess with the intent to distribute and distribute

11   controlled substances as alleged in Count 1 of the First

12   Superseding Indictment.

13              And that's what the Government would have to prove to

14   convict you of this crime at a trial.  Do you understand this?

15              THE DEFENDANT:  Yes.

16              THE COURT:  You'd also have the right at the trial to

17   confront the witnesses who testified against you.  You'd have

18   the right to present your own case and call your own witnesses.

19   And you could also compel your witnesses to appear by the

20   subpoena power of the court.

21              And also at your trial you could testify if you wanted

22   to, but if you didn't your silence could not be used against

23   you.

24              Do you understand all of this?

25              THE DEFENDANT:  Yes.

1    THE COURT:  Now if you plead guilty here today,
2    Mr. Macias, you would be giving up this right to have a jury
3    trial.
4           Do you understand this?
5           THE DEFENDANT:  Yes.
6           THE COURT:  And is that what you want to do today?
7           THE DEFENDANT:  Yes, I do.
8           THE COURT:  Do you have any questions about anything
9    at all that we've talked about?
10          THE DEFENDANT:  No.
11          THE COURT:  Then to the charge in Count 3 of the First
12   Superseding Indictment, how do you plead, guilty or not guilty?
13          THE DEFENDANT:  Guilty.
14          THE COURT:  Now, I have to make sure that there are
15   facts to support your guilty plea.  And the facts are on page 7
16   through 8 of your Plea Agreement.
17          And you've told me you've read your Plea Agreement.  I
18   presume that means you have read these facts carefully?
19          THE DEFENDANT:  I have.
20          THE COURT:  And do you agree that those facts are
21   true?
22          THE DEFENDANT:  Yes.
23          THE COURT:  All right.  I'm going to sort of summarize
24   what they say just to make sure that we are on the same page.
25          Essentially it looks like between the Fall of 2015 and

1  August of 2017, there did exist this conspiracy to possess with
2  the intent to distribute a controlled substance, that would be
3  Fentanyl, cocaine, alprazolam, from sources of supply in the
4  District of Arizona.
5           Is this true?
6           THE DEFENDANT:  Yes.
7           THE COURT:  And it says that you were aware of this
8  conspiracy which did include it looks like your brothers and
9  your mother.
10          Is this true?
11          THE DEFENDANT:  Yes.
12          THE COURT:  And it says -- it says one of the
13 customers who had obtained controlled substances from your
14 mother --
15          Is Paulina your sister?
16          THE DEFENDANT:  Yes.
17          THE COURT:  -- from your mother, your sister and you,
18 is an individual identified by the initials P.L.
19          Is this true?
20          THE DEFENDANT:  Yes.
21          THE COURT:  It says on December 6, 2015, P.L. and you
22 discussed over a series of telephonic text messages the
23 distribution of Oxycodone, and that during these text messages
24 P.L. asked you to sell him three Oxycodone pills.
25          Is this true?

1   THE DEFENDANT:  Yes.
2   THE COURT:  It says you then told P.L. to meet you
3   after 11:00 p.m. that night behind Peter Piper Pizza near
4   Bell Road, at which time you distributed those Oxycodone pills
5   to P.L.
6   Is this true?
7   THE DEFENDANT:  Yes.
8   THE COURT:  All right.  With respect to the specific
9   facts that the Government feels I need to review with the
10  defendant, are there any others, Mr. Pashayan?
11  MR. PASHAYAN:  No, Your Honor, I think that's
12  sufficient.  Thank you.
13  THE COURT:  All right.  You're welcome.
14  All right.  Mr. Macias, I do find that your guilty
15  plea comports with the requirements of Rule 11.  I'll recommend
16  that it be accepted.
17  You'll be back for sentencing on Monday, June 18th,
18  2018, at 11:00 a.m. before Judge Rayes.
19  It's ordered that a Presentence Report be prepared.
20  Anything further, Counsel?
21  MR. PASHAYAN:  No, Your Honor.  Thank you.
22  MR. JACOBO:  What was the time again, Your Honor?
23  THE COURT:  11:00 a.m., June 18th.
24  MR. JACOBO:  Rayes?
25  THE COURT:  All right.  Thank you, Counsel.

1  MR. JACOBO: Thank you, Your Honor.

2  THE COURT: You're welcome.

3  MR. PASHAYAN: Thank you, Your Honor.

-oOo-

C E R T I F I C A T E

I, CANDY L. POTTER, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 8th day of January, 2019.

```
                              s/Candy L. Potter
                              Candy L. Potter
```