**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. CR-17-01110-2-PHX-DLR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | May 7, 2018 |
| Luis Angel Macias, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE DOUGLAS L. RAYES, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**SENTENCING**

**APPEARANCES:**
For the Plaintiff:
    U.S. Attorney's Office
    By:  Fernanda Carolina Escalante, Esq.
         Donald J. Pashayan, Esq.
    40 N. Central Avenue, Suite 1800
    Phoenix, AZ 85004

For the Defendant:
    Aguilar Law Office PLLC
    By:  Denise K. Aguilar, Esq.
    590 N. 54th Street, Suite 1
    Chandler, AZ 85226

Official Court Reporter:
Jennifer A. Pancratz, RMR, CRR, FCRR, CRC
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 42
Phoenix, Arizona 85003-2151
(602) 322-7198

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**P R O C E E D I N G S**

1
2          COURTROOM DEPUTY:  Criminal Case No. 17-1110, United
3  States versus Luis Angel Macias, on for sentencing.
4          Counsel, please announce.
5          MS. ESCALANTE:  Good morning, Your Honor.  Carolina
6  Escalante and Don Pashayan on behalf of the United States.
7          THE COURT:  Good morning.
8          MS. AGUILAR:  Good morning.  Denise Aguilar on behalf
9  of Mr. Macias, who's present and in custody.
10         THE COURT:  Good morning.
11         Would you please state your name and date of birth.
12         THE DEFENDANT:  2/25/96.
13         THE COURT:  And your name?
14         THE DEFENDANT:  Luis Macias -- Luis Angel Macias.
15         THE COURT:  Mr. Macias, you've entered into a plea
16  agreement.  You pled guilty before a magistrate judge, and your
17  plea has been accepted.
18         There having been a determination of guilt by a plea
19  of guilty, it is the judgment of the Court that defendant is
20  guilty of unlawful use of a communication facility, in
21  violation of 21 USC Section 843(b), a Class E felony.
22         I've read and considered the presentence report.  Have
23  counsel reviewed it?
24         MS. ESCALANTE:  Yes, Your Honor.
25         MS. AGUILAR:  Yes, Your Honor.

1         THE COURT:  Ms. Aguilar, do you have any objections?
2         MS. AGUILAR:  No, Your Honor.
3         THE COURT:  Okay.  I've reviewed the government's
4    standing objection to the presentence report with respect to
5    only the captioned defendants.  And I understand the
6    defendants -- or the government's concern is they've entered
7    into a plea agreement where they've agreed that the base
8    offense level shall equate to a level 10, but the dilemma is
9    that the United States Sentencing Guideline application note of
10   Section 2D1.6 provides that the cases involving fentanyl must
11   have a base level of at least 12.
12        So the tension there is the guidelines are different
13   than what the parties have agreed to.  I'm going to deny the
14   government's motion, but I will factor in the agreement when I
15   go to determining what the appropriate sentence is.  And you --
16   and the defendant will get full credit for what the government
17   had agreed to.
18        MR. PASHAYAN:  Thank you, Your Honor.
19        THE COURT:  All right.  Mr. Macias, do you think
20   you've had enough time to review the presentence report with
21   your attorney?
22        THE DEFENDANT:  Yeah.
23        THE COURT:  Do you understand the presentence report?
24        THE DEFENDANT:  Yes, I do.
25        THE COURT:  The Court accepts the plea agreement, and

1   the judgment and sentence will be consistent it.  I'm satisfied
2   that the plea agreement adequately reflects the seriousness of
3   the actual offense behavior and that accepting the agreement
4   will not undermine the statutory purposes of sentencing or the
5   sentencing guidelines.
6           Using the guidelines as a starting point, the Court
7   finds the applicable offense level is 10, the applicable
8   criminal history category is I, and the applicable ranges are
9   as follows:  6 to 12 months incarceration, one to five years
10  supervised release, 4,000 to $40,000 fine, restitution is not
11  applicable, defendant is eligible for probation from one to
12  five years, and there is a $100 special assessment.
13          Pursuant to 5K, the Court will impose a three-level
14  downward departure, United States Sentencing Guideline Section
15  5K1.
16          The offense level after factoring in the three-level
17  downward departure is 7.  That coupled with a criminal history
18  category of I gives a guideline incarceration sentencing range
19  of zero to six months.
20          Are there any additional comments or objections from
21  counsel on those determinations?
22          MS. ESCALANTE:  No, Your Honor.
23          MS. AGUILAR:  No, Your Honor.
24          THE COURT:  In addition to the presentence report, I
25  have read and considered the letters submitted on defendant's

1 behalf.

2 Ms. Aguilar, is there something you'd like to say in
3 your client's behalf before sentence is imposed?

4 MS. AGUILAR: Yes, Your Honor.

5 We are requesting that the Court impose a sentence of
6 12 to 18 months of probation for Mr. Macias. He has no
7 criminal history, and he had a very peripheral role in this
8 situation involving his mother's drug distribution.

9 I would like to note that while he did possess a
10 firearm, he did not use the firearm in order to threaten or
11 injure or even to intimidate anyone.

12 His -- in some respects, his involvement was somewhat
13 obligatory, being that it was his mom. She was asking him to
14 do certain things, and he just felt like, you know, to a
15 certain extent it was his duty as a son to comply with -- you
16 know, with her requests. I don't think that he knew at that
17 time how serious his involvement was or could have been, but he
18 definitely appreciates the seriousness now.

19 Your Honor, he actually did not like or approve of the
20 fact that his mom was working in this drug distribution
21 situation, and he even kind of tested her to see what her
22 reaction would be if he were to ask her for -- to give him
23 drugs. And he was disappointed when she actually gave him
24 drugs without even, you know, giving him a warning or a lecture
25 or really any kind of hesitation at all. And he thought that

1  she wasn't that concerned with his well-being.
2          Being in custody for the last six months or so has
3  been the worst experience of Mr. Macias' life.  I know that he
4  knows jail is not where he wants to be and definitely not where
5  he belongs.  He is the kind of person who wants to be active in
6  his children's lives and wants to work to support his family,
7  and so I believe that he won't have any issue completing
8  probation successfully.
9          I feel that 12 to 18 months of probation is sufficient
10 but not greater than necessary to comply with the requirements
11 of 3553.  And I will note that in addition to probation itself
12 being a deterrent to any further criminal activity, the time
13 that he has been in custody has been a very strong deterrent to
14 any future criminal activity.
15          THE COURT:  Okay.  Thank you.
16          Mr. Macias, is there something you'd like to say
17 before sentence is imposed?
18          THE DEFENDANT:  I appreciate the motion, and I'm never
19 going to get in a situation like this or do any text messages
20 or -- to get me in trouble or anything, you know.  I really
21 regret getting involved, and I hate this and just hope -- I
22 hope to be out.
23          THE COURT:  Okay.  And the government have something
24 to say?
25          MS. ESCALANTE:  Thank you, Your Honor.

UNITED STATES DISTRICT COURT

1                First, the government would move to dismiss Counts 1
2     and 6.
3                And the government is in agreement with the
4     recommendation of the probation officer for three years'
5     probation.
6                Sure, while the defendant worked on behalf of his
7     mother, the text messages indicate that he had the sufficient
8     knowledge of what was going on.  The defendant himself was in
9     contact with the source who provided oxycodone pills that
10    contained fentanyl, which is assumed from the text message
11    conversations.
12               So the government's concern, Your Honor, is that the
13    government -- or the defendant's going to be released to
14    substantially the same situation where he found himself in
15    except for his mother.  But the text messages reveal that he
16    had the knowledge and wherewithal how to conduct this drug
17    distribution regardless of his mother.  And he's going back to
18    living at the same residence where he was living when this
19    distribution occurred, and his situation has potentially gotten
20    a little bit more stressful because now he has to provide for
21    an infant.
22               And so the government believes that three years of
23    probation will be good to keep the defendant on track in case
24    there is that temptation to want to distribute drugs, to be
25    able to provide income or to support any habits or anything,

1  three years' probation is sufficient but not greater than
2  necessary.
3           THE COURT:  Okay.  Thank you.
4           All right.  Considering the circumstances of the
5  offense, the fact that he was brought into this by his mother
6  and the age of the defendant, I think probation is warranted.
7           Pursuant to the Sentencing Reform Act of 1984, it's
8  the judgment of the Court that Luis Angel Macias is hereby
9  committed -- excuse me, is hereby placed on probation for 24
10 months.
11          The defendant shall pay a special assessment of $100,
12 which shall be due immediately.
13          The Court finds the defendant does not have the
14 ability to pay and orders the fine waived.
15          The defendant shall pay a total of $100 in criminal
16 monetary penalties, due immediately.  Having assessed
17 defendant's ability to pay, payment of total criminal monetary
18 penalties is due as follows:  Balance is due in equal monthly
19 installments of $25 over a period of four months, to commence
20 60 days after entry of judgment in this case.
21          While on probation, the defendant shall comply with
22 the mandatory and standard conditions of supervision as adopted
23 by this Court in General Order 17-18.  Of particular
24 importance, the defendant shall not commit another federal,
25 state, or local crime during the term of supervision.

1          Within 72 hours of -- excuse me.
2          The defendant shall comply with the following special
3     conditions:  Report to probation office within 72 hours of
4     sentencing.  And you'll report to the probation office in this
5     district.
6          Defendant shall comply with the following special
7     conditions:
8          You must cooperate in the collection of DNA as
9     directed by the probation officer.
10         You must participate as instructed by the probation
11    officer in a program of substance abuse treatment, outpatient
12    and/or inpatient, which may include testing for substance
13    abuse.  You must contribute to the cost of treatment in an
14    amount to be determined by the probation officer.
15         You must not use or possess alcohol or alcoholic
16    beverages.
17         You must comply with the standard condition of
18    supervision requiring full-time employment at a lawful
19    occupation.  This may include participation in training,
20    counseling, and/or daily job searching as directed by the
21    probation officer.  If not in compliance with this condition of
22    supervision, you may be required to perform up to 20 hours of
23    community service per week until employed as approved or
24    directed by the probation officer.
25         You must submit your person, property, house,

```
 1   residence, vehicle, papers, or office to a search conducted by
 2   a probation officer.  Failure to submit to a search may be
 3   grounds for revocation of release.  You must warn any other
 4   occupants that the premises may be subject to searches pursuant
 5   to this condition.
 6           Forfeiture:  The defendant's interest in a black
 7   Del-Ton Inc. DT-10 .308 caliber semiautomatic rifle with Serial
 8   Number D000993 and ammunition, as identified in the plea
 9   agreement, shall be forfeited to the United States.
10           It is further ordered granting the government's motion
11   to dismiss Counts 1 and 6.
12           Sir, do you understand the sentence that's just been
13   imposed?
14           THE DEFENDANT:  I understand.
15           THE COURT:  The Court finds this sentence to be
16   sufficient but not greater than necessary to comply with the
17   purposes set forth in 18 USC Section 3553(a).  The Court finds
18   this sentence to be reasonable pursuant to that statute
19   considering the nature and circumstances of the offense, the
20   history and characteristics of the defendant, the need to
21   reflect the seriousness of the offense, promote respect for the
22   law, and provide a just punishment.
23           The Court adopts the facts as set forth in the
24   presentence report in support of the guideline calculations and
25   the reasons for the sentence.
```

1           Counsel, have I sentenced defendant in accordance with
2   the terms of the plea agreement?
3           MS. ESCALANTE:  Yes, Your Honor.
4           MS. AGUILAR:  Yes, Your Honor.
5           THE COURT:  I find I have sentenced defendant in
6   accordance with the terms of the plea agreement.
7           Mr. Macias, what that means for you is this:  Pursuant
8   to your plea agreement, you agreed if I sentenced you within
9   the terms of that agreement, you would waive the right to
10  appeal except for the right to challenge the effectiveness of
11  the assistance of counsel or any governmental misconduct.
12          Had you not waived the right to appeal, you would have
13  14 days from today to file a notice of appeal, and you would
14  have the right to have counsel represent you on the appeal at
15  no cost to you if you could not afford counsel.  Do you
16  understand?
17          THE DEFENDANT:  I understand.
18          THE COURT:  Have we covered everything?
19          MS. ESCALANTE:  Yes, Your Honor.
20          MS. AGUILAR:  Yes, Your Honor.  Thank you.
21          THE COURT:  Okay.  Good luck.
22          THE DEFENDANT:  Thank you.
23          THE COURT:  We'll stand in recess.
24          (Proceedings concluded.)
25

C E R T I F I C A T E

I, JENNIFER A. PANCRATZ, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 10th day of January, 2019.

s/Jennifer A. Pancratz
Jennifer A. Pancratz, RMR, CRR, FCRR, CRC