WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fany Madrigal-Lopez,<br><br>   Petitioner,<br><br>v.<br><br>United States of America,<br><br>   Respondent. | No. CV-19-05366-PHX-DLR<br>No. CR-17-01110-001-PHX-DLR<br><br>**ORDER** |

  Before the Court is the Report and Recommendation ("R&R) of Magistrate Judge Camille D. Bibles (CV Doc. 31),[1] which recommends that Petitioner's 28 U.S.C. § 2255 petition be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service to file specific written objections with the Court. (*Id.*) Petitioner filed an objection to the R&R on January 19, 2021 (CV Doc. 32) and Respondents filed a response on February 10, 2021 (CV Doc. 37). The Court has considered the objections and reviewed the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court will overrule Petitioner's objections and adopt the R&R in its entirety for the following reasons.

**I. Background**

  On December 6, 2017, the United States indicted Petitioner for (1) Conspiracy to Possess with Intent to Distribute a Controlled Substance, (2) Maintaining a Drug Involved

---

[1] "CV" refers to the civil case docket and "CR" refers to the criminal case docket, 2:17-cr-01110-DLR-1.

Premises, (3) Distribution of a Controlled Substance Resulting in Death and Serious Bodily Injury, (4) Unlawful Use of a Communications Facility, and (5) Possession with Intent to Distribute a Controlled Substance. (CR Doc. 24.) On April 17, 2018, Petitioner entered into a plea agreement to plead guilty to (1) Conspiracy to Possess with Intent to Distribute a Controlled Substance and (2) Distribution of a Controlled Substance Resulting in Death and Serious Bodily Injury. (CR Doc. 88.) In the agreement, Petitioner admitted that she "knowingly and intentionally sold and distributed several pills to P.L. that [] looked like oxycodone. These pills in fact contained fentanyl and other substances. P.L. then consumed these pills and the fentanyl in these pulls caused P.L. to overdose and die that same night." (CR. Doc. 138 at 10.)

In the plea agreement, Petitioner further waived "any and all motions, defenses, probable cause determinations, and objections that [she] could assert to the Indictment, First Superseding Indictment, or information" and waived the "right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture . . . or any aspect of [her] sentence," including a motion under § 2255 and any motion for modification of her sentence," other than to assert "an otherwise-preserved claim of ineffective assistance of counsel or of 'prosecutorial misconduct.'" (*Id.* at 5.) The agreement also contained a provision in which Petitioner agreed to forfeit all interest in any asset that she owned, including her residence in Peoria, Arizona. (*Id.* at 5-7.)[2] In entering the agreement, Petitioner averred that she had carefully reviewed every part of the agreement with her counsel, understood the agreement, voluntarily entered into the agreement, and was satisfied that counsel had represented her competently. (*Id.* at 11-12.)

On April 18, 2018, at the conclusion of a plea colloquy before a magistrate judge, Petitioner entered her guilty plea and the government filed a motion for forfeiture the same day. (CR Docs. 89, 90.) On October 4, 2018, Petitioner was sentenced to concurrent terms

---

[2] The agreement noted that the government would accept $35,000 "no later than 45-days before [her] scheduled sentencing hearing" in lieu of the Peoria property. (CR Doc. 138 at 9.)

of 144 months' imprisonment on each count of conviction, followed by an aggregate term of five years' supervised release.[3] (CR Doc. 139.)  Notwithstanding the waivers in her agreement, Petitioner appealed her convictions and sentences. (CR Doc. 147.) The Ninth Circuit concluded that Petitioner had waived her right to appeal her conviction and sentence, found no issue with the validity of the waiver, declined to address Petitioner's claims of ineffective assistance of counsel, and dismissed the relevant appeal. *United States v. Madrigal-Lopez*, 770 F. App'x 827, 828 (9th Cir. May 23, 2019). On October 10, 2019, Petitioner filed her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (CV Doc. 1.)

**II. Discussion**

Petitioner's first four objections generally fall into the "ineffective assistance of counsel" category. First, Petitioner objects that the plea agreement was not read or explained to her, and claims that she only represented at the Rule 11 hearing that she understood the agreement because her counsel told her if she did not sign the agreement, she would likely receive a sentence of 20 years to life. (CV Doc. 32 at 2.) The R&R addressed this issue, and explained that, contrary to her current representations, Petitioner averred that she had reviewed the plea agreement with her counsel and a Spanish language interpreter, understood each provision, and had not been threatened or forced into signing the agreement. (CV Doc. 31 at 10-11.) The R&R elucidates,

> Madrigal-Lopez's solemn declaration made in open court carries a strong presumption of verity, notwithstanding her later disavowal of her own statements. *See Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant [.]"); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent

---

[3] At the onset of the hearing, Petitioner asked the Court for a third continuance of the sentencing to have additional time to raise $35,000 to prevent the forfeiture of the Peoria residence. (CR Doc. 158 at 4.) The Court denied that request but recessed the hearing so Petitioner could review the Presentence Investigation Report ("PSR") with counsel. (*Id.*) At the conclusion of the recess, she told the Court that she had sufficiently reviewed the PSR with counsel. (*Id.* at 5.)

- 3 -

proceedings attacking the plea.").

(*Id.* at 9-10 (citations omitted)). Petitioner's first objection is overruled.

Similarly, Petitioner complains that her attorney never informed her that, by signing the plea, she agreed to waive her right to appeal. (CV. Doc. 32 at 3.) Once more, the R&R considered this argument and noted that, at her change of plea hearing,

> Madrigal-Lopez averred she understood the rights she was waiving by pleading guilty, including her right to appeal or collaterally attack her conviction and statement . . . Madrigal-Lopez was adequately informed of the consequences of her plea both in the written plea agreement and during the Rule 11 hearing, therefore, her guilty plea is considered voluntary and knowing.

(CV Doc. 31 at 10-12 (citation omitted).) Petitioner's second objection is overruled.

Relatedly, Petitioner alleges that no one read her PSR to her. To the contrary, the R&R explained that the Court deliberately recessed during Petitioner's October 4, 2018 sentencing hearing so she could further review the PSR with counsel. (CV Doc. 31 at 5 n. 3.) And, when Petitioner returned from the recess, she confirmed that she had sufficiently reviewed the PSR with counsel. (CR Doc. 158 at 5.) Petitioner's third objection is overruled.

Finally, Petitioner argues that the loss of her home is attributable to counsel's subpar performance. Particularly, she blames her attorney for the ultimate forfeiture of her home because he did not inform her that her extension request had been denied until six days before her sentencing. (CV Doc. 32 at 4.) Petitioner cannot credibly divert the blame for her own failure to secure the necessary funds to her attorney. The plea agreement gave Petitioner until "no later than 45-days before [her] scheduled sentencing hearing" to provide $35,000 to the government in lieu of the Peoria property. (CR Doc. 138 at 9.) At the time, Petitioner's sentencing was scheduled for July 2, 2018. (CR Doc. 87.) Therefore, Petitioner was required to produce the funds by May 18, 2018. Three days before that deadline, the Court granted Petitioner's first motion to continue, and reset sentencing for October 1, 2018, giving Petitioner a three-month extension to come up with the $35,000.

(CR Docs. 108, 109.)  On September 14, 2018, Petitioner filed a second motion to continue (CR Doc. 131), which the Court, in its discretion, denied (CR Doc. 132).  Even if counsel waited until 6 days before the sentencing to inform Petitioner of the denial, Petitioner had already received a significant prior extension, which Petitioner has not shown brought her any closer to securing the funds.  More importantly, she cannot show that, but for counsel's failure to inform her of the denial at an earlier date, there is a reasonable probability she would have secured the funding and prevented the forfeiture of her home.  And, even if she could, Petitioner has not shown that counsel's representation fell below an objective standard of reasonableness.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner's fourth and final counsel-related objection is overruled.

Next, Petitioner objects that the necessary elements of the charged offenses were not met, because "[n]ot once did I admit or comment that I gave him pills that 'I knew' contained fentanyl."  (CV Doc. 32 at 4.)  Even if Petitioner had not waived the right to raise this argument, the R&R addressed this contention and rejected it.  (CV Doc. 31 at 11.)  Contrary to Petitioner's current representations, in her plea agreement, Petitioner clearly admitted, "[t]he defendant knew that [the substance she knowingly and intentionally distributed] was fentanyl[.]"  (CR Doc. 138 at 9.)  This objection is overruled.

Finally, Petitioner asserts that, because she included the words "without prejudice" above her name when she signed the plea agreement, the plea agreement is invalid.  (*Id.* at 12.)  The R&R addressed this argument, noting that the magistrate judge drew Petitioner's attention to the "without prejudice" language during the change of plea hearing, and Petitioner agreed that, despite the language, she was pleading guilty because she was guilty of the relevant crimes.  (CV Doc. 31 at 12 (citing CV Doc. 157 at 17).)  Even if Petitioner had not made this admission, a petitioner may not hoodwink the Court and invalidate a plea agreement by surreptitiously including the phrase "without prejudice" above the signature.  Petitioner's final objection is overruled.

**IT IS ORDERED** that Petitioner's Objections to the R&R (CV Doc. 32) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (CV Doc. 31) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified, for reasonable jurists would not find the ruling debatable and Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255 (CV Doc. 1) with prejudice and shall terminate this action.

Dated this 22nd day of April, 2021.

Douglas L. Rayes
United States District Judge