**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01110-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Fany Madrigal-Lopez, | |
| Defendant. | |

Defendant Fancy Madrigal-Lopez pled guilty, pursuant to a plea agreement, to Conspiracy to Possess with Intent to Distribute a Controlled Substance, and Distribution of a Controlled Substance Resulting in Death and Serious Bodily Injury. On October 1, 2018, she was sentenced. After granting a 6-level downward departure, the Court determined that the Guideline range was 121 to 151 months. Defendant was sentenced to 144 months incarceration in the Bureau of Prisons ("BOP").

Defendant's sentence was based on a sentence range that has been subsequently lowered by the Sentencing Commission. On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") took effect. Part A of Amendment 821 eliminated the status point for individuals with 6 or fewer criminal history points and reduced from 2 to 1 the status points for individuals with 7 or more criminal history points. Subpart 1 of Part B of Amendment 821 granted a 2-level reduction in base offense level for individuals with zero criminal history points whose offense did not involve specified

aggravating criteria. On August 24, 2023, the Sentencing Commission established that Part A and subpart 1 of Part B would be retroactive to cases with otherwise final sentences. Defendant fits into all those categories.

Before the Court is a "Notice of Eligibility for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Amendment 821 to the U.S. Sentencing Guidelines." (Doc. 207.) The Notice of Eligibility points out that a retroactive application of Amendment 821 to U.S.S.G. Amendment 821 "empowers district judges to correct sentences that depend upon frameworks that later prove unjustified." *Freeman v. United States*, 564 U.S. 522, 526 (2011).

Calculating Defendant's Guideline Sentencing Range under Amendment 821 results in the same Total Offense Level of 37 but a different Criminal Category of I instead of II. The Advisory Guideline Range at sentencing, after the 6-level downward departure was applied, was determined to be 121-151 months. The Amended Advisory Guideline Range, under Amendment 821, after the same 6-level downward departure that was applied, results in an Amended Guideline Range of 108-135 months.

Because Defendant's plea agreement provides that she may not file "a motion for modification of sentence, including under 18 U.S.C. § 3582(c)," her attorney has filed this Notice of Eligibility to bring to the Court's attention its authority, on its own motion, to correct her sentence. The court "on its own motion … may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent, they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Government's Response (Doc. 213) does not disagree with Defendant's assertion that she is statutorily eligible for a sentence reduction. The Government opposes the reduction, however, based on the § 3553(a) sentencing factor, the nature and circumstances of the offense, including the harm to the victims. The victims, who have suffered the devastating and needless loss of a bright young family member, have submitted letters opposing any reduction of the sentence.

Defendant does not dispute the seriousness of the offense or devastating loss sustained by the victims. She sold drugs that can kill. That was a risk well-known to both Defendant and her customers.

For the approximate eight years that Defendant has been in BOP custody, she has had a clean disciplinary record. She obtained a GED, has become proficient in English, and is classified by the BOP as a "minimum risk" for recidivism. When she completes her sentence, Defendant will be removed from the United States.

Defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. A reduction in her sentence to 128 months, which is near the high end of the Amended Advisory Guideline Range, would be consistent with the applicable policy statements issued by the Sentencing Commission, § 3582(c)(2), and would be consistent with the sentencing factors set forth in § 3553(a).

**IT IS ORDERED** that Defendant's sentence in this matter is amended and reduced from 144 months to 128 months.

Dated this 5th day of January, 2026.

Douglas L. Rayes
Senior United States District Judge